IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| **M & S Grading, Inc.,** | ) | Case No. BK02-81632 |
| | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

## OBJECTION TO MOTION AND AMENDED REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

COMES NOW the United States Trustee for the District of Nebraska and hereby submits the following Objection to the Motion and Amended Request for Payment of Administrative Expense filed by the Contractors, Laborers, Teamsters and Engineers Health, Welfare and Pension Plans ("Plans"):

1. On May 20, 2002, the debtor filed a voluntary chapter 11 petition. The case was converted to chapter 7 on June 13, 2005. James Killips was appointed to serve as trustee in this case.

2. The Plans request an administrative expense claim in the amount of $116,341.63 plus additional amounts to be proven at a hearing. In addition, the Plans request the Court to grant a super-priority to the portion of the claim that arose after conversion of the case to chapter 7.

3. The United States Trustee does not object the allowance of a chapter 11 administrative expense claim to the Plans' for their delinquent contributions. However, the administrative expense claim of the Plans should be subordinated to the administrative expenses incurred under chapter 7. 11 U.S.C. § 726(b).

4. The United States Trustee objects to the Plans' request for attorney fees. 11 U.S.C. § 503(b)(3) and (4) permit the Court to allow as administrative expenses the actual and necessary expenses incurred by a creditor or his or her attorney in making a substantial contribution to a chapter 11 estate. The Plans have provided no evidence that the Plans made a substantial contribution to the chapter 11 estate. The services rendered must result in an actual and demonstrable benefit to the debtor's estate and its creditors. *In re McLean Industries, Inc.*, 88 B.R. 36, 38 (Bankr. S.D. N.Y. 1988).

5. The Plans state in their motion that ERISA expressly provides that the Plans are entitled to recover interest, liquidated damages, and attorney's fees, in addition to any unpaid contributions. ERISA does not override other federal laws, including the Bankruptcy Code. *In re Ottawa Cartage, Inc.*, 55 B.R. 371 (N.D. Ill. 1985). The Bankruptcy Court should disallow attorney fees that may have been awarded under ERISA if the Plans did not provide a substantial contribution to the estate. *In re United States Lines, Inc.*, 103 B.R. 427, 434 (Bankr. S.D. N.Y. 1989).

6. There is no basis for allowing the Plans a super-priority administrative expense claim under 11 U.S.C. § 726(b). Section 503(b) administrative expense claims incurred in the chapter 7 case have priority over § 503(b) claims incurred in the chapter 11 case. *In re Rocky Mountain Refractories*, 208 B.R. 709, 713 (10th Cir. BAP 1997). The allowable portion of the administrative expense claim of the Plans was incurred prior to the conversion of the case to chapter 7.

WHEREFORE, the United States Trustee respectfully requests the Court to

deny the Motion and Amended Request for Payment of Administrative Expense filed by the Plans.

DATED this 24th day of March, 2009.

Respectfully Submitted:

UNITED STATES TRUSTEE
Nancy J. Gargula

ASSISTANT U.S. TRUSTEE
Patricia D. Fahey

BY: /s Jerry L. Jensen
Jerry L. Jensen
Attorney-Advisor
Roman L. Hruska U.S. Courthouse
111 South 18th Plaza, Suite 1148
Omaha, Nebraska 68102
Direct (402) 221-4302

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the above and foregoing with the Clerk of the Bankruptcy Court on March 24, 2009 using the CM/ECF system which sent notification to all CM/ECF participants..

/s Jerry L. Jensen