# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF:<br><br>M & S GRADING, INC.,<br><br>Debtor. | CASE NO. BK02-81632<br>CHAPTER 7<br><br>**TRUSTEE'S LIMITED OBJECTION TO MOTION AND AMENDED REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |

COMES NOW Trustee, James Killips, by and through his counsel, and hereby objects to the Contractors, Laborers, Teamsters and Engineers Health, Welfare and Pension Plans' (the "Plans") Motion and Amended Request for Payment of Administrative Expense (the "Motion") [Filing No. 863]. In support of his limited objection to the Motion, the Trustee states as follows:

1. The Trustee does not object to the Motion to the extent the Plans request allowance of their delinquent contributions in the amount of $116,341.63 as a Chapter 11 administrative expense, incurred while Debtor was in a Chapter 11 bankruptcy. However, the Amended Motion appears to attempt to seek classification of that claim, or some portion of it, as a Chapter 7 ("super priority") administrative expense. This is not permitted by the Bankruptcy Code. Chapter 7 administrative expenses are those which are incurred during the Chapter 7 case, and which provide a benefit to the estate. Here, the actual benefits were incurred during the Chapter 11 case.

2. In addition, the Trustee objects to the Plans' request that interest, liquidated damages and attorneys' fees be classified as administrative expenses. The Trustee further objects to the request that the Court order him pay any such amount,

because there are insufficient assets in the estate to pay Chapter 11 administrative expense creditors in full.

3. Section 503(b)(1) of the Bankruptcy Code provides that the actual and necessary costs and expenses of preserving the estate shall be allowed as administrative expenses. The Plans' attorneys' fees, interest, and liquidated damages did not provide a tangible benefit to the estate. See, e.g., In re Athens/Alpha Gas Corp., 332 B.R. 578 (B.A.P. 8th Cir. 2005).

4. Such costs and expenses were incurred by the Plans in an attempt to preserve their own interest in the estate, and therefore should not be allowed as administrative expenses. See Ins. Co. of N. Am. v. Sullivan, 333 B.R. 55 (D.Md. 2005).

5. In addition, the amounts requested are substantial, and the Plans have not provided a breakdown of the attorneys' fees, interest, or liquidated damages and when they were incurred.

6. Section 726 of the Bankruptcy Code provides that in those instances where a case is converted to Chapter 7, Chapter 7 administrative expenses have priority over Chapter 11 administrative expenses.

WHEREFORE, the Trustee respectfully requests the Court to deny the Plans' Motion insofar as it requests a Chapter 7 super priority administrative expense, insofar as it requests attorneys' fees, interest, and liquidated damages be classified as administrative expenses, and insofar as it requests payment of any amount, and for such other and further relief the Court deems just and proper.

Dated this 26th day of March, 2009.

                          JAMES KILLIPS, TRUSTEE

                          By: s/Brandon R. Tomjack
                              T. Randall Wright (#16398)
                              Brandon R. Tomjack (#22981)
                        of  BAIRD HOLM LLP
                              1500 Woodmen Tower
                              Omaha, Nebraska 68102-2068
                              Phone: 402-344-0500
                              Fax:   402-231-8556
                              E-mail: rwright@bairdholm.com
                                            btomjack@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John Albin
Nebraska Dept of Labor
jalbin@dol.state.ne.us

Charles E. Benish
Gross Welch
cbenish@grosswelch.com

Kathryn J. Derr
kjd@derrhowell.com

Richard P. Garden, Jr.
Cline, Williams, Wright,
rgarden@clinewilliams.com

Robert Scott Johnson
Koley Jessen
scott.johnson@koleyjessen.com

Albert B. Kerkhove
Internal Revenue Service
albert.b.kerkhove@irscounsel.treas.gov

James E. Lang
jimlang@lpllaw.com

Joseph H. Badami
Woods Aitken
jbadami@woodsaitken.com

Elizabeth Mary Callaghan
ecallaghan@grosswelch.com

Marian Gannett
chapter-13@wtrlaw.com

Robert V. Ginn
Brashear & Ginn
rvginn@brashearlaw.com

Patricia Fahey
Dept. of Justice
ustpregion13.om.edf@usdoj.gov

Aimee J. Haley
Fullenkamp, Doyle & Jobeun
ahaley@fdjlaw.com

John J. Jolley
Kutak Rock
jay.jolley@kutakrock.com

Margaret A. McDevitt
Brumbaugh & Quandahl
bqbk@bqlaw.com

Richard D. Myers, Esq.
McGill Gotsdiner
rdm@mgwl.com

Donald L. Swanson
Koley Jessen
dswan@koleyjessen.com

Maynard H. Weinberg
Weinberg & Weinberg
m9642@earthlink.net

Robert Lepp
McGill Gotsdiner
BobLepp@mgwl.com

Malcolm D. Young
Young & White
lawoffices@youngandwhite.com

Thomas A. Ukinski
Thomas.ukinski@nebraska.gov

Jerry Jensen
Dept. of Justice
ustpregion13.om.edf@usdoj.gov

James R. Thibodeau
Douglas County Attorney's Office
jthibode@co.douglas.ne.us

Michael Mortensen
Berens Tate
mikem@berenstate.com

Alan E. Pedersen
McGill Gotsdiner
aep@mgwl.com

Jenna B. Taub
jenna@craiglaw.org

Michael J. Whaley
Gross & Welch
mwhaley@grosswelch.com

s/Brandon R. Tomjack

DOCS/906783.1